Oscar Weiss v. Commissioner. Oscar and Florence Weiss v. Commissioner.
Weiss v. Commissioner
Docket Nos. 53866, 53867.
United States Tax Court
T.C. Memo 1956-65; 1956 Tax Ct. Memo LEXIS 230; 15 T.C.M. (CCH) 316; T.C.M. (RIA) 56065; March 20, 1956
*230 Stanley W. Herzfeld, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined the following deficiencies in income tax against Oscar Weiss for 1945-1947 and against Oscar Weiss and his wife Florence Weiss for 1948-1951: 50 Per Cent
Addition
Addition
Pursuant to
Year
Deficiency
for Fraud
Section 294
(d)(2)
1945
$12,082.56
$6,041.28
$729.81
1946
770.35
413.18
55.82
1947
47.00
23.50
1948
2,116.34
1,058.17
126.98
1949
35.92
17.96
1950
910.04
455.02
45.78
1951
968.20
484.10
40.87
There was no appearance by or on behalf of the petitioners at the hearing of these cases, and at the hearing the Government abandoned its claim for the 50 per cent addition for fraud except for the year 1945. Since the taxpayers presented no evidence, the determinations of the Commissioner, apart from the so-called fraud penalty, must be approved for lack of prosecution and failure to carry the burden of proof. As to fraud for 1945, the Government presented evidence to meet its burden of proof. The evidence shows that petitioner Oscar Weiss was a bookmaker, that in *231 prior years he had reported relatively modest amounts of income, that his return for 1945 reported income in the amount of only $2,600 from an unidentified source, that he maintained no books or records, and that during 1945 he purchased Government bonds, made bank deposits and had living expenses in an aggregate in excess of $28,000. A revenue agent had made a search for assets of petitioners for a period of years including 1945, and the only assets discovered as of the beginning of 1945 were a small balance in a savings account and certain U.S. Series E bonds which were not cashed during 1945. We are fully satisfied on the record before us that petitioner Oscar Weiss's income was grossly understated and that part of the deficiency for 1945 was due to fraud with intent to evade tax. We so find as a fact. Decisions will be entered for the respondent as to all the years except that the 50 per cent addition for fraud will be applicable only to the year 1945.